TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Brian F. Moore
Brian Kreutter
*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
:
In re:                                                                 :    Chapter 7
:
NEW BLUE FLOWERS GOURMET CORP.,                                        :    Case No. 23-11231 (JPM)
:
              Debtor.                                           :
:
---------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually but Solely in His                       :
Capacity as Chapter 7 Trustee of the Estate of New                     :
Blue Flowers Gourmet Corp.,                                            :
:    Adv. Pro. No. 25-01115 (JPM)
              Plaintiff,                                        :
:
          v.                                                    :
:
BYUNG (BRUCE) LIM;  MUN SOOK LIM;                                      :
405 WEST 23rd STREET BAKERY CORP.;                                     :
KATSU-HAMA USA, LLC;  GIO ESTRADA                                      :
CONSTRUCTION LLC;  JAMES YU;  and                                      :
FISCHER FOODS OF NEW YORK, INC.,                                       :
:
              Defendants.                                       :
---------------------------------------------------------------------- x

# CHAPTER 7 TRUSTEE'S REPLY AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM ASSERTED BY DEFENDANTS BYUNG (BRUCE) LIM AND MUN SOOK LIM

Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the estate (the "Estate") of New Blue Flowers Gourmet Corp. (the "Debtor") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through his attorneys, Togut, Segal & Segal LLP, in support of his Reply and Affirmative Defenses to the counterclaim

[Docket No. 35] (the "Counterclaim") set forth in the *Counter Claim* of defendants Byung (Bruce) Lim and Mun Sook Lim (collectively, the "Lim Defendants") [Docket No. 35-1], respectfully states as follows:

## ANSWER TO COUNTERCLAIM

1.  The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the first paragraph of alleged facts in the Counterclaim.

2.  The allegations contained in the second paragraph of alleged facts in the Counterclaim constitute one or more conclusions of law to which no responsive pleading is necessary. To the extent that a response is necessary, the Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the second paragraph of alleged facts in the Counterclaim.

3.  The allegations contained in the third paragraph of alleged facts in the Counterclaim constitute one or more conclusions of law to which no responsive pleading is necessary. To the extent that a response is necessary, the Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the third paragraph of alleged facts in the Counterclaim.

4.  The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the fourth paragraph of alleged facts in the Counterclaim.

5.  The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the fifth paragraph of alleged facts in the Counterclaim.

6. The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the sixth paragraph of alleged facts in the Counterclaim.

7. The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the seventh paragraph of alleged facts in the Counterclaim.

8. The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the eighth paragraph of alleged facts in the Counterclaim.

9. The Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in the paragraph of alleged injuries in the Counterclaim.

10. The allegations set forth in Section IV of the Counterclaim contain alleged facts and requested damages. To the extent this paragraph contains alleged facts, the Trustee denies having sufficient knowledge or information to form a belief as to the truth of all the allegations contained in Section IV of the Counterclaim.

## RELIEF REQUESTED

The Trustee denies that the Lim Defendants are entitled to any relief requested in Section IV of the Counterclaim.

## AFFIRMATIVE AND SEPARATE DEFENSES

As further, separate and affirmative defenses, without assuming the burden of proof of any such defense that rests with the Lim Defendants, the Trustee states:

## FIRST AFFIRMATIVE DEFENSE

The Trustee alleges that the Bankruptcy Court for the Southern District of New York (the "Court") lacks subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Civil Rules") to the extent the Counterclaim asserts claims against entities other than the Trustee.

## SECOND AFFIRMATIVE DEFENSE

The Trustee alleges insufficient process of the Counterclaim under Civil Rule 12(b)(4).

## THIRD AFFIRMATIVE DEFENSE

The Trustee alleges insufficient service of process of the Counterclaim under Civil Rule 12(b)(5).

## FOURTH AFFIRMATIVE DEFENSE

The Trustee alleges that the Counterclaim fails to state a cause of action upon which relief can be granted under Civil Rule 12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE

The Trustee alleges that the Counterclaim fails to join a party under Civil Rule 12(b)(7) to the extent it (i) alleges claims against Albert Togut in his individual capacity, Togut, Segal & Segal LLP, Walsam 47th Street, LLC ("Walsam"), and/or Walter-Samuels, Inc.[1], or (ii) characterizes the Debtor as a counterclaimant.

---

[1] Sections II.B. and III identify "Togut, Special & Segal LLP" and "Water-Samuel, LLC" as defendants to the Counterclaim, respectively. The Trustee's affirmative defenses assume that the Lim

4

## **RESERVATION OF RIGHT TO AMEND**

The Trustee reserves the right to amend his Reply and Affirmative Defenses and assert any additional defenses, including any affirmative defenses, which might arise through discovery, or otherwise, under applicable bankruptcy or nonbankruptcy law.

*(concludes on following page)*

---

Defendants intended here to refer to "Togut, Segal & Segal, LLP," which is the Trustee's undersigned counsel, and "Walter & Samuels, Inc.," the agent for Walsam as landlord for the Debtor's premises. *See Walsam 47th Street, LLC's Motion for Confirmation that the Automatic Stay Does Not Apply Pursuant to 11 U.S.C. § 362(b)(10) or for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), and for Payment of Its Administrative Claim Under 11 U.S.C. § 503(b)*, [Case No. 23-11231 (JPM), Docket No. 13-1] Ex. D.

Section II.B. additionally identifies "Albert Togut," apparently in his individual capacity, as a defendant. Mr. Togut's involvement in the Adversary Proceeding and the Debtor's Chapter 7 case is limited solely to his capacity as Trustee of the Estate. To the extent that the Lim Defendants allege the Counterclaim against him in an individual capacity, Mr. Togut adopts the denials and affirmative defenses set forth herein.

5

**WHEREFORE**, having fully replied to the allegations contained in the Counterclaim, the Trustee respectfully requests that this Court:

a. deny the Lim Defendants any relief against the Trustee and the Estate of any kind or character whatsoever;

b. dismiss the Counterclaim in its entirety with prejudice, and render judgment in favor of the Trustee;

c. award to the Trustee the costs and expenses (including reasonable attorneys' fees) incurred by the Trustee in defending against the Counterclaim; and

d. grant the Trustee such other and further relief as this Court deems just and proper.

DATED: January 7, 2026
New York, New York

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/Brian Moore*
BRIAN F. MOORE
BRIAN KREUTTER
One Penn Plaza
New York, New York 10119
(212) 594-5000